STATE OF CONNECTICUT *v.* HALROYD GORDON
(AC 18143)

O'Connell, C. J., and Hennessy and Dupont, Js.

Argued November 2, 1999—officially released February 1, 2000

*Glen W. Falk,* special public defender, for the appellant (defendant).

*Michele Lukban,* assistant state's attorney, with whom, on the brief, were *James E. Thomas,* state's attorney, and *Edward R. Narus,* senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The defendant, Halroyd Gordon, appeals from the judgment of conviction of manslaughter in the first degree in violation of General Statutes § 53a-55 (a) (1) and assault in the first degree in violation

of General Statutes § 53a-59 (a) (5). He claims that the trial court improperly denied his motion to suppress photographic identification evidence. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to this appeal. On September 16, 1994, Sonya Floyd was a passenger in a car driven by Franklin White. White pulled the car to the curb to purchase cocaine from the defendant, who approached the passenger side. The defendant leaned into the passenger window to talk to Floyd. After the defendant gave Floyd a bag of cocaine, Floyd told White to drive away. The defendant then took out a gun and fired shots at the car. Both Floyd and White were shot, and Floyd subsequently died as a result of the shooting.

On October 10, 1994, a detective showed an array of photographs to White. The array consisted of photographs of similar looking males. White was not able to identify positively any photographs as that of the perpetrator in the shooting incident. White did select, however, three photographs as being similar in appearance to the perpetrator. One of those photographs was that of the defendant. At a showing of a second array a few weeks later, White once again selected three similar looking males. He chose one as the perpetrator. The detective said that he chose wrongly and that the perpetrator was shorter.

During trial, the defendant moved to suppress evidence regarding the photographic identification by White. The court denied the motion because there was no unnecessarily suggestive procedure involved in the showing of the photographic array. The defendant challenges that decision on appeal.

"It is well settled that [i]n determining whether identification procedures violate a defendant's due process rights, the required inquiry is made on an ad hoc basis

and is two-pronged: first, it must be determined whether the identification procedure was unnecessarily suggestive, and second, if it is found to be so, it must be determined whether the identification was nevertheless reliable based on an examination of the totality of the circumstances. . . . The burden rests on the defendant who moves to suppress identification evidence to establish that the identification resulted from the employment of an unconstitutional procedure by the police." (Citations omitted; internal quotation marks omitted.) *State* v. *Sparks*, 39 Conn. App. 502, 508–509, 664 A.2d 1185 (1995).

In the present case, the record does not reveal that the photographic array was unduly suggestive. Any comments by the police were made *after* White had made his choice as to who was the perpetrator in the shooting. Accordingly, we conclude that the defendant failed to meet his burden, and that the trial court acted properly in denying the motion to suppress.

The judgment is affirmed.